John LAGANA, et al., Plaintiffs,

v.

TOYOFUKI KAIUN, K.K., Defendant.

Raffaele INNAMORATO, et al., Plaintiffs,

v.

TOYO FUJI KAIUN KAISHA, LTD., Defendant.

Nos. 87 Civ. 7088 (CSH), 87 Civ. 8421 (CSH).

United States District Court, S.D. New York.

March 7, 1989.

Zimmerman & Zimmerman, New York City (Thomas J. Doyle, of counsel), for plaintiffs Lagana, et al.

Bert Taras, P.C., Brooklyn, N.Y. (Alan Levin, of counsel), James R. Campbell, New York City, for plaintiffs Innamorato, et al.

Kirlin, Campbell & Keating, New York City (Mark F. Muller, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiffs in these consolidated actions move pursuant to Rule 15(a) and (c) to add a Japanese company, Sakaide Senpaku ("Sakaide"), as an additional party defendant. The motions are granted.

### BACKGROUND

■ On July 24, 1985 all plaintiffs, while working as longshoremen, were injured in the same accident. The M/V TOYOFUJI NO. 10, an ocean-going vessel particularly designed for the carriage of cars, was berthed at Port Newark, New Jersey. The longshoremen's function was to drive cars off the vessel to a shoreside parking lot, and then return to the vessel in a van furnished by their employer, International Terminal Operating Company, Inc. At the time of the accident defendant Toyofuki Kaiun, K.K. ("Toyofuki") was the registered owner of the TOYOFUJI NO. 10. That company had bareboat chartered the vessel to the intended additional party defendant, Sakaide. Sakaide thus became the owner *pro hac vice* of the vessel, and responsible for manning and operating her. It follows that the vessel's officers and crew at the time of the accident were employees of Sakaide, and not of Toyofuki.

■ Within the pertinent three-year statute of limitations, plaintiffs commenced actions against Toyofuki. Plaintiffs did not know at the time they filed and served their complaints upon that defendant that the vessel was operating at the time of the accident under bareboat charter to Sakaide. There is no way they could have known, since charterparties are private contracts, not registered (as are ship mortgages), or otherwise published to the world.

The liability insurer for Toyofuki is the Japan Ship Owner's Mutual Protection and Indemnity Association, P.I.A., of Japan (the "P and I Association"). The P and I Association also insures Sakaide against liability for this sort of accident.

Following service of the complaints upon Toyofuki, the P and I Association instruct-

ed the New York law firm of Kirlin, Campbell & Keating (the "Kirlin firm") to defend the actions.

Under date of February 25, 1988, the Kirlin firm sent a letter to counsel for plaintiffs in the first-captioned action (the "Lagana action"). It appears from that letter that a carbon copy was sent to counsel of record for plaintiffs in the second-captioned action (the "Innamorato action"), although on the present motion that counsel denies having received it. In any event, the Kirlin firm said in its February 25, 1988 letter:

> As already mentioned orally, my review of the file demonstrates that you probably have sued the wrong defendant in any event. At the time of the accident, the vessel was being bareboat chartered by Sakaide Senpaku K.K. The named defendant Toyofuki Kaiun K.K. is the registered owner, but Sakaide Senpaku is the owner pro hac vice. Consequently, you and Attorney Campbell [counsel of record for plaintiffs in the Innamorato action] will no doubt want to amend your complaints. Hopefully, we, you and Mr. Campbell can work out this mess so that we can get all the correct parties being represented by the correct attorneys in one courtroom.

While as noted counsel for plaintiffs in the Innamorato action deny having received that letter, counsel for plaintiffs in the first captioned action do not. Nonetheless, no application was made on behalf of any plaintiffs to amend the complaint so as to add Sakaide as a party defendant until counsel for the Innamorato plaintiffs did so in late October 1988. Counsel for the Lagana plaintiffs joined in the application in motion papers filed in December 1988. By these times, the three-year statute of limitations had run. The Kirlin firm now opposes plaintiffs' motion to amend

the complaint on the ground that any claim against Sakaide is time-barred; and that, on a proper construction of Rule 15(c), the claims should not relate back to the filing of the original complaint.

## DISCUSSION

Rule 15(c), whose text appears in the margin,[1] is summarized by the Supreme Court in *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986):

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

■ The purpose of Rule 15(c) is to ameliorate the effect of the statute of limitations, *Siegel v. Converters Transportation, Inc.,* 714 F.2d 213, 216 (2d Cir.1983) (per curiam); and the Second Circuit has stressed the "liberal relation back policy expressed" in the rule. *Villante v. Dept. of Corrections of City of New York,* 786 F.2d 516, 520 (2d Cir.1986).

■ District courts have discretion in evaluating these factors on a case-by-case basis, a discretion informed by the provision in Rule 15(a) that leave to amend pleadings "shall be freely given when justice so requires." However, courts are not free, under the guise of a "liberal" approach toward Rule 15(c), to disregard the

---

1. Rule 15(c) provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law

for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

rule's plain language. That is the holding of *Schiavone v. Fortune, supra,* upon which defendant at bar places a mistaken reliance. In *Schiavone,* plaintiff attempted to sue Fortune Magazine for libel. "Fortune" was only a trademark and the name of an internal division of Time, Incorporated; Fortune was not a separate legal entity, and had no capacity to be sued. The applicable statute of limitations expired on May 19, 1983. Plaintiff filed his complaint on May 9; but only on May 20 did plaintiff's counsel mail the complaint to Time's registered agent, who refused it because Time was not named in the pleading. On July 19 plaintiff amended his complaint to name Time, serving the amended complaint on Time on July 21. The amended complaint was filed and served after the statute of limitations had run.

On these particular facts, a 6–3 majority of the Supreme Court held that the Rule 15(c) conditions permitting relation back of amended pleadings had not been satisfied. That was so even accepting plaintiff's argument that there was an identity of interest between Fortune and Time: "In this case, however, neither Fortune nor Time received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to Fortune that could be imputed to Time." 477 U.S. at 29, 106 S.Ct. at 2384.

In the case at bar, plaintiffs' complaints were filed and served upon the vessel's registered owner, Toyofuki, within the limitations period. The first factor upon which relation back is dependent is, of course, satisfied; the proposed amended complaints adding Sakaide as party defendant arise out of the same incident alleged in the original complaints against Toyofuki. The second and third factors articulated by the Court in *Schiavone* are at issue: given the circumstances of the case, may it fairly be said that Sakaide received such notice of the institution of the action that it will not be prejudiced in defending against the claims; and did Sakaide know or should it have known that, but for a mistake concerning identity, the action would have been brought against it?

The answer to the latter question is clearly yes. Plaintiffs' obvious intention was to sue the employer of the vessel's officers and crew at the time of the accident. Under the terms of the bareboat charter, that was Sakaide, and not Toyofuki, the registered owner. The delay on the part of plaintiffs' counsel who apparently acknowledge receiving the Kirlin firm's identification of the bareboat charterer in moving to amend the complaint is puzzling; but there is no question that had plaintiffs' counsel known of Sakaide's status at the time the complaints were filed, Sakaide would have been named a party defendant.

■ The closer question is whether, in these circumstances, Sakaide should be regarded as having received notice of the institution of the action. I conclude that this question should also be answered in the affirmative. The same P and I Association insured the liability of Toyofuki as the vessel's registered owner and Sakaide as her bareboat charterer. The P and I Association instructed the Kirlin firm to defend Toyofuki. During the course of that representation, the Kirlin firm became aware that Sakaide was the bareboat charterer, an awareness reflected by that firm's February 25, 1988 letter to plaintiffs' counsel. Indeed, that letter invited plaintiffs' counsel to work together with defense counsel "so that we can get all the correct parties being represented by the correct attorneys in one courtroom." The affidavit of Hisao Ishikawa, the director of Sakaide, states that (as one would expect) Sakaide had been made aware of the July 24, 1985 accident.

■ The Hisao affidavit goes on to disclaim that company's awareness of the plaintiffs' suit against Toyofuki. On the basis of that distinction, Sakaide argues that the second factor identified in *Schiavone* is not present. I reject that argument because I impute to Sakaide the knowledge of its insurer and the attorneys retained by that insurer in respect of the accident and the ensuing litigation. No party cites authority directly dealing with the imputing of knowledge in comparable circumstances, and the Court's research reveals none; but this result is consistent

with the policies underlying Rule 15. Given the differing responsibilities of a vessel's registered owner and her bareboat charterer, refusing the amendment would in all probability deprive plaintiffs of any remedy.[2] That might not be so if a basis for asserting the vessel's *in rem* liability appeared; but plaintiffs at bar have not made such a claim.

Plaintiffs' motions to amend their complaints are granted. They may do so within thirty (30) days of the date of this Opinion.

It is SO ORDERED.

---

**2.** I am mindful of the averments in the Hisao affidavit that the vessel's officers have or will shortly leave Sakaide's employ. But there is no showing that statements from those officers have not been obtained or that they would not cooperate in giving testimony for Sakaide if asked to do so.