# IN THE SUPREME COURT OF THE STATE OF NEVADA

SYBIL M. TITUS, AN INDIVIDUAL,
SYBIL M. TITUS, CO-TRUSTEE OF
THE TITUS FAMILY TRUST DATED
SEPTEMBER 2, 1993; JOHN A.
COLISTRA, AN INDIVIDUAL; AND
GLENNA J. COLISTRA, AN
INDIVIDUAL,
Appellants,
vs.
UMPQUA BANK,
Respondent.

No. 66959

FILED

APR 04 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a guarantor deficiency action. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

Appellants John Colistra, Glenna Colistra, and Sybil Titus defaulted on a loan concerning a self-storage facility located in Reno, Nevada. Respondent Umpqua Bank acquired this loan from the Federal Deposit Insurance Corporation (FDIC). Further, respondent and the FDIC entered into an agreement that required respondent to utilize its best efforts to maximize collections regarding shared-loss assets. Among other obligations, respondent agreed to repay 80 percent of any funds recovered to the FDIC. When appellants defaulted on their loan, respondent foreclosed on the subject property. A trustee's sale subsequently occurred, during which respondent acquired the property with a credit bid. Respondent then filed an action in district court to seek a deficiency judgment against appellants.

16-10340

Appellants assert that respondent lacked standing to pursue a deficiency action because respondent had been fully compensated.[1] In particular, respondent allegedly received payment from the FDIC, on top of the payment it already received from the foreclosure of the subject property.[2] According to appellants, because respondent acquired the loan from the FDIC, the FDIC agreed to pay respondent for any loss on the loan. Therefore, appellants claim that respondent lacks an injury in fact. We disagree.

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005); *see also Costello v. Casler*, 127 Nev. 436, 439, 254 P.3d 631, 634 (2011). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. When deciding a summary judgment motion, all evidence must be viewed in a light most favorable to the nonmoving party. *Id.* General allegations and conclusory statements do not create genuine issues of fact. *Id.* at 731, 121 P.3d at 1030-31. Further, "[s]tanding is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev. 367, 368, 252 P.3d 206, 208 (2011).

---

[1] In their opening brief, appellants initially raise four issues. However, they then concede in their reply brief that all but one issue was resolved by this court's opinion in *Munoz v. Branch Banking*, 131 Nev., Adv. Op. 23, 348 P.3d 689, 690 (2015) (holding that federal law preempts NRS 40.459(1)(c) to the extent that NRS 40.459(1)(c) limits deficiency judgments on loans transferred by the FDIC). Thus, we will only address the remaining issue on appeal, which is whether respondent lacked standing to pursue a deficiency action.

[2] The stipulated fair market value of the property is $2,150,000.

In general, standing "consists of both a case or controversy requirement stemming from Article III, Section 2 of the Constitution, and a subconstitutional prudential element." *In re AMERCO Derivative Litig.*, 127 Nev. 196, 213, 252 P.3d 681, 694 (2011) (internal quotations omitted). While "state courts do not have constitutional Article III standing, Nevada has a long history of requiring an actual justiciable controversy as a predicate to judicial relief." *Id.* (internal quotation omitted). Thus, to pursue a legal claim, an "injury in fact" must exist. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). Specifically, there must be "an invasion of a judicially cognizable interest" that is "concrete and particularized." *Id.* The injury must also be "actual or imminent," rather than merely "conjectural or hypothetical." *Id.*

Here, we conclude that the district court did not err in granting summary judgment. Respondent sufficiently established a concrete, particularized, and actual injury by alleging that appellants defaulted on the subject loan. Respondent's agreement with the FDIC does not impose an expectation on the FDIC to bear the cost of appellants' breach. Thus, there is no intent to relieve the guarantors of their obligation based on the agreement between the FDIC and respondent. Further, pursuant to respondent's agreement with the FDIC, respondent must utilize its best efforts to maximize collections regarding shared-loss assets and repay the FDIC. Therefore, as the district court properly concluded, any recovery in favor of respondent in this case will not result in double payment or unjustified windfall. As a result, respondent has standing because it has demonstrated an injury in fact.

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc: Hon. Lidia Stiglich, District Judge
J. Douglas Clark, Settlement Judge
Robison Belaustegui Sharp & Low
Law Offices of Amy N. Tirre
Washoe District Court Clerk