# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES LEE CARTER, AN
INDIVIDUAL,
Appellant,
vs.
CONSTANCE ANDREWS, AN
INDIVIDUAL; AND GUY ANDREWS,
III, INDIVIDUALLY,
Respondents.

No. 66237

FILED

JUN 1 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order granting respondent's motion to quash service of process and motion to dismiss. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

This case arises out of an alleged hit and run accident on October 7, 2011. Appellant Charles Carter (Carter) alleges that he was injured when the driver of another vehicle, Guy Andrews (driver), hit his car and fled the scene. On October 3, 2013, Carter filed his original complaint for negligence and negligence per se. The caption named only the owner of the car, Constance Andrews (owner), as a defendant, though the body of the complaint referenced both the owner and the driver. On January 27, 2014, after realizing that the caption omitted the driver, Carter filed an amended complaint adding the driver to the caption. By then, the statute of limitations had expired.

Carter served the owner but not the driver with the complaint. The district court granted the owner's motion to dismiss for lack of personal jurisdiction, an order Carter does not appeal. Carter did not serve the driver with either the original or amended complaints. He tried to make substituted service of the amended complaint on the driver

16-18228

through the Department of Motor Vehicles (DMV), pursuant to NRS 14.070(2). However, Carter did not follow all the requirements of the statute. On May 21, 2014, a "motion to quash service of process and motion to dismiss" was filed on the driver's behalf. The district court granted the motion because service of process was incomplete under NRS 14.070(2). Also, the district court concluded that since Carter's original complaint named only the owner, not the driver, *see* NRCP 10(a) ("In the complaint the title of the action shall include the names of all the parties . . ."), and Carter did not file the amended complaint adding the driver as a defendant until after the statute of limitations in NRS 11.190(4)(e) expired, the complaint failed to state a claim against the driver under NRCP 12(b)(5). On July 21, 2014, Carter filed a motion for reconsideration seeking leave to amend his complaint to add the administrator of the estate of the driver, whom he learned had died some time in 2012, and a motion to stay the proceedings. The district court denied reconsideration and Carter appeals.

We review an order granting an NRCP 12(b)(5) motion to dismiss de novo, *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008), and an order dismissing a complaint for failure to effectuate timely service of process for an abuse of discretion, *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 595, 245 P.3d 1198, 1200 (2010).

The parties first debate whether the driver was a party defendant to the original complaint, even though the caption did not name him as a defendant as required by NRCP 10(a). This debate is beside the point. NRCP 4(i) requires a party to serve the summons and complaint upon a defendant within 120 days of filing the complaint or the district court must dismiss the action. As Carter did not serve the driver with

either the original or amended complaints, or move for an extension of time to do so, dismissal was required, even assuming the driver was a party defendant from the start.

We reject Carter's argument that he effectuated substituted service of the amended complaint on the driver under NRS 14.070.[1] NRS 14.070(2) provides:

> Service of process *must* be made by leaving a copy of the process with a fee of $5 in the hands of the Director of the Department of Motor Vehicles or in the office of the Director, *and* the *service shall be deemed sufficient upon the operator if* notice of service and a copy of the process is sent by registered or certified mail by the plaintiff to the defendant at the address supplied by the defendant in the defendant's accident report, if any, and if not, at the best address available to the plaintiff, *and* a return receipt signed by the defendant or a return of the United States Postal Service stating that the defendant refused to accept delivery or could not be located, or that the

---

[1]Carter argues that the district court erred in finding that his amended complaint was filed beyond the statute of limitations because the statute of limitations did not start to run until he learned of the driver's identity in April 2012. Even if it was filed after the statute of limitations, Carter alleges that the district court erred when it determined that the amended complaint did not relate back to the original complaint under NRCP 10(a). Carter contends that his amended complaint did not need to relate back under NRCP 10(a), but could be amended under NRCP 15(a). (Carter's citation of NRCP 15(a) is puzzling; he may have had an argument under NRCP 15(c), *see Costello v. Casler*, 127 Nev. 436, 254 P.3d 631 (2011), but he waived it by not presenting it to the district court or this court on appeal). As we conclude below that Carter never served the driver with the amended complaint, and failed to timely move to extend time to accomplish service, these arguments fail in any event.

address was insufficient, *and* the plaintiff's affidavit of compliance therewith are attached to the original process and returned and filed in the action in which it was issued.

(Emphases added.) NRS 14.070(2) is unambiguous and requires a party to: 1) leave a copy of the process with a $5 fee with the Director of the DMV; 2) send, by registered or certified mail, notice of service and a copy of the process to the defendant; 3) file a return receipt signed by the defendant (or a return of the United States Postal Service indicating that defendant could not be located); and 4) file an affidavit of compliance with the district court.

Carter argues that notwithstanding its mandatory terms, all NRS 14.070(2) requires is substantial compliance, which he achieved. We cannot agree. The most Carter establishes is that he complied with the first of NRS 14.070(2)'s four requirements: he left copies of the summons and amended complaint with the Director of the DMV and received, in return, an affidavit acknowledging service upon the DMV and a letter acknowledging that a summons and complaint was received in the Director's office of the DMV along with the fee. However, there is no evidence in the record that Carter attempted to comply with the statute's other requirements.[2] Even though the driver had passed away, there is no evidence showing that Carter tried to locate the driver's last-known

---

[2]NRS 14.070(2)'s second requirement is constitutionally founded. *See Browning v. Dixon*, 114 Nev. 213, 217, 954 P.2d 741, 743 (1998) (citing *Wuchter v. Pizzutti*, 276 U.S. 13 (1928)) (providing that "a nonresident motorist statute that allowed service upon the secretary of the state, but contained no provision for attempted notice to a nonresident defendant, violated due process of law").

address to send the notice of the service or copy of the process to him or the representative of his estate.[3]

Carter argues that the district court should have sua sponte determined that there was good cause to extend the time to serve under NRCP 4(i). However, unlike its federal counterpart, NRCP 4(i) requires a party to make a motion for an extension of time to effect service. NRCP 4(i) drafter's note to 2004 amendment; *Saavedra-Sandoval*, 126 Nev. at 596, 245 P.3d at 1200. Since Carter never made a NRCP 4(i) motion in the district court, the district court could not have extended the time to serve. Carter also failed to invoke the procedures for substitution of parties afforded by NRCP 25(a) in the event of a named defendant's death.

We therefore conclude that the district court did not abuse its discretion in dismissing the action against the driver for insufficient service of process. *Abreu v. Gilmer*, 115 Nev. 308, 312-13, 985 P.2d 746, 749 (1999). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[3]At oral argument, Carter claimed that former counsel's affidavit indicated that Carter made diligent efforts to locate the best-known address of the driver, but could not. However, the affidavit makes no such statement.

cc: Hon. Jerry A. Wiese, District Judge
Janet Trost, Settlement Judge
Mainor Wirth
Katie E. Goldberg
Ray Lego & Associates
Hall Jaffe & Clayton, LLP
Eighth District Court Clerk