HAROLD ECHOLS, APPELLANT, *v.* SUMMA CORPORATION, DBA FRONTIER HOTEL, RESPONDENT.

No. 10620

November 2, 1979                                    601 P.2d 716

[Rehearing denied December 13, 1979]

*Walter Norwood,* Las Vegas, for Appellant.

---

[1]NRCP 15(c):
"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

*Cromer, Barker and Michaelson,* and *Frank C. Cook,* Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Harold Echols brought this action in tort against Hughes Tool Company (Hughes) and H. J. Heinz Company (Heinz) to recover for personal injuries allegedly caused by a defective product. After the statute of limitations had expired, Echols amended his complaint to substitute Summa Corporation (Summa) as the defendant in place of Hughes. The district court dismissed the amended complaint on the ground that it was barred by the statute of limitations. NRS 11.190(4)(e).[1] We reverse.

On November 30, 1975, Echols was injured when the bottle of Heinz Ketchup he was trying to open allegedly exploded in his hands. The accident occurred in a restaurant located in the Frontier Hotel. Echols filed suit against Hughes, dba Frontier Hotel,[2] and Heinz on November 21, 1977, nine days before the expiration of the two year limitation of actions. NRS 11.190(4)(e). Summons and complaint were served upon L. Stephen Savoldelli on November 23, 1977. On that date Savoldelli was the General Manager of the Frontier Hotel and a Vice President of Summa.

---

[1] NRS 11.190:
"Actions . . . can only be commenced as follows:

. . . .
4. Within 2 Years.

. . . .
(e) An action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another. . . ."

[2] Echols' attorney's secretary phoned the Secretary of State's office and the Clark County Business License Department and was told that Hughes owned the Frontier.

The Frontier Hotel in Las Vegas, Nevada, originally was operated by a division of Hughes. On December 12, 1972, that division changed its name to Summa Corporation after Hughes evolved into two corporations. Summa filed the appropriate documents noting the name change with the Secretary of State and the Clark County Business License Department.

Hughes moved to dismiss the complaint on the ground that Summa owned the Frontier at the time of the accident. In response, Echols moved to amend the complaint. On January 9, 1978, the district judge granted Hughes' motion to dismiss "as to name only", and granted Echols' motion to amend the complaint by naming Summa as a party-defendant.

Summons was served upon Summa's resident agent on January 13, 1978. Twelve days later, Summa moved to dismiss the action on the ground that Echols' amended complaint was filed after the statutory period had expired. Summa's motion was granted, and the action was dismissed with prejudice on February 9, 1978.

Echols contends that the amendment substituting Summa for Hughes relates back to the filing of the original complaint, see NRCP 15(c),[3] and, therefore, the action is not barred and should not have been dismissed with prejudice. We agree.

We have previously held that a proper defendant may be brought into the action after the statute of limitations has run if the proper defendant (1) receives actual notice of the action; (2) knows that it is the proper party; and (3) has not been misled to its prejudice by the amendment. Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969).

The three requirements are present in this case. Summa received actual notice of the action before the expiration of the two year period of limitations through service upon Savoldelli, a Summa Vice President and General Manager of the Frontier. It was apparent to those operating the Frontier that "Hughes Tool Company" was a misnomer. In a sworn affidavit offered in support of Hughes' motion to dismiss, a Summa officer acknowledged that Summa is the proper defendant. Having actual notice of the action before the expiration of the two year period, Summa was neither misled nor prejudiced by the subsequent amendment.

---

[3]NRCP 15(c):

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The trial judge erred in dismissing, with prejudice, the action against Summa. The amendment relates back to the filing of the original complaint, NRCP Rule 15(c), because the identity of interests between the proper and improper defendants enabled Echols to give fair and adequate notice of the law suit to Summa prior to the expiration of the two year period.

Judgment is reversed and the case is remanded for a trial on the merits.

Reversed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.