DEBBIE COSTELLO, Appellant, v.
PHILIP CASLER, Individually, Respondent.

No. 55458

July 7, 2011                                    254 P.3d 631

*Murphy, Small & Associates* and *Michael R. Small* and *Patrick J. Murphy*, Las Vegas, for Appellant.

*Law Offices of Arthur W. Tuverson* and *Jane M. Eberhardy*, Las Vegas, for Respondent.

Before SAITTA, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, SAITTA, J.:

In this appeal, we consider whether, under Nevada Rule of Civil Procedure (NRCP) 15(c), an amendment to a complaint adding a decedent's estate as a party to an action will relate back to the date of the original pleading filed prior to the expiration of the statute of limitations that named only the decedent as a party. In particular, we address whether a decedent's insurer's notice and knowledge of the institution of an action may be imputed to the decedent's estate for purposes of satisfying the relation back requirements of NRCP 15(c). We answer both of these questions in the affirmative and therefore conclude that the district court erred in denying appellant Debbie Costello leave to amend her complaint to add respondent Philip Casler's estate as a defendant. We therefore reverse the judgment of the district court and remand this case for proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

On September 5, 2007, Costello and Casler were involved in an automobile accident. Two months after the accident, Casler died from unrelated causes. Casler's son, Michael, was subsequently appointed administrator of Casler's estate.

In early 2008, Costello submitted a claim with Casler's insurance provider, American Family Insurance, for injuries relating to the motor vehicle accident. But, after months of settlement negotiations, Costello and American Family Insurance were unable to resolve her claim. Consequently, in June 2009, unaware that Casler was deceased, Costello filed a personal injury lawsuit against Casler. Costello then attempted to effectuate service of process on Casler through a process serving company. When the company attempted service, however, someone at Casler's residence informed the company that Casler was deceased. Later, Casler's son, Michael, called the company to confirm that Casler was deceased. Costello then received an affidavit from the process serving company indicating that service of process was unsuccessful because Casler was no longer living.

Shortly thereafter, in July 2009, Costello filed a suggestion of Casler's death upon the record, pursuant to NRCP 25, and mailed a copy of the suggestion of death to American Family Insurance, who then retained counsel to represent its insured, Casler, in the pending lawsuit. Four days before the statute of limitations was due to expire on Costello's personal injury lawsuit, American Family Insurance's attorney wrote Costello, requesting that American Family be provided with proof of service. On September 5, 2009, the statute of limitations expired.[1]

One month later, Costello filed a petition in the probate court seeking the appointment of Carol Lucarelli as special administratrix of the estate of Casler. In addition, Costello submitted a motion in the district court for substitution upon suggestion of Casler's death, pursuant to NRCP 25, seeking to substitute Lucarelli for Casler. American Family Insurance's attorney, on behalf of Casler, filed an opposition to the petition and motion and submitted a countermotion for summary judgment, arguing that Michael was already the administrator of Casler's estate, NRCP 25 was inapplicable because it presupposes that substitution is for someone who was a party to a pending action, and any amendment adding a party was now time-barred because the statute of limitations had expired. Costello submitted a reply and opposition acknowledging that Michael had been appointed as the administrator of Casler's estate, asserting that she should be allowed to amend her complaint to add the estate as a defendant, and that the amendment should relate back to the date of the original complaint under NRCP 15(c).

The district court held a hearing on the motions and entered a written order denying Costello's motion to substitute and amend and granting Casler's countermotion for summary judgment. The district court determined that NRCP 25 was inapplicable because it presupposes that substitution is for someone who was a party to the pending action. It also found that any amendment adding a proper party defendant was time-barred because the statute of limitations had run.

Subsequently, Costello filed a motion for reconsideration, arguing that she should be allowed to amend her complaint to add Casler's estate as a defendant and that the amendment would be timely, as it would relate back to the date of the original filing under NRCP 15(c). Costello also asserted that relation back under NRCP 15(c) was proper because American Family Insurance had notice and knowledge of the institution of the action, which she argued could be imputed to the estate. The district court denied the motion for reconsideration. Costello now appeals the summary judgment of the district court.

---

[1]The statute of limitations for claims of "injuries to a person . . . caused by the wrongful act or neglect of another" is two years. NRS 11.190(4)(e).

## DISCUSSION

### *The district court erred in determining that an amendment adding Casler's estate was barred by the statute of limitations*

Costello argues that the district court erred in granting summary judgment. Specifically, she asserts that the district court erred in denying her leave to amend her complaint to add Casler's estate as a defendant.[2] Costello contends that, under NRCP 15(c), an amendment adding a proper defendant to an action after expiration of the limitation period may relate back to the date of the original timely filed complaint if the proper defendant had notice and knowledge of the institution of the action within the limitation period. She argues that because American Family Insurance had notice and knowledge of the action, which she asserts should be imputed to Casler's estate, an amendment adding the estate should relate back to the date of the original pleading, thereby falling within the statute of limitations.[3]

### *Standard of review*

We review "a district court's grant of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate "when the pleadings and other evidence on file demonstrate that no 'genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (alteration in original) (quoting NRCP 56(c)). In reviewing a motion for summary judgment, "the

---

[2]It is noteworthy to mention that because Costello sought leave to amend her complaint, we have tailored our discussion to whether the district court erred in denying her leave to do so. We do not suggest, however, that Costello needed the district court's permission to amend her complaint. Because it does not appear that a responsive pleading had been filed when Costello sought to amend her complaint, she was not required to seek leave and could have, instead, amended her complaint as a matter of course under NRCP 15(a), which provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." *See* NRCP 7(a) (setting forth the allowable pleadings in a civil action); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1483 (3d ed. 2010) ("[A] summary-judgment motion made before responding [to a plaintiff's complaint does not] have any effect on a party's ability to amend . . . . Motions of this type are not 'responsive pleadings' in any sense.").

[3]We note that, below, Costello filed a motion for substitution upon suggestion of Casler's death, pursuant to NRCP 25, seeking to substitute Lucarelli for Casler. Costello has abandoned that argument on appeal, and we therefore need not address it. *See* NRAP 28(a)(8); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (if an appellant neglects to fulfill "his [or her] responsibility to cogently argue, and present relevant authority, in support of his [or her] appellate concerns," this court will not consider the claims).

evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party.'' *Id.* ''Summary judgment is proper when a cause of action is barred by the statute of limitations.'' *Clark v. Robison*, 113 Nev. 949, 950-51, 944 P.2d 788, 789 (1997).

### *Relation back under NRCP 15(c)*

NRCP 15 sets forth the procedures under which a party may amend his or her pleadings and provides that, under certain conditions, an amendment may relate back to the date of the original pleading.[4] Specifically, NRCP 15 states in pertinent part:

> (a) **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .
>
> . . . .
>
> (c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

An amended pleading adding a defendant that is filed after the statute of limitations has run will relate back to the date of the original pleading under NRCP 15(c) if ''the proper defendant (1) receives actual notice of the action; (2) knows that it is the proper party; and (3) has not been misled to its prejudice by the

---

[4]Previously, we indicated in dicta that the relation back effect of NRCP 15(c) does not apply to the addition or substitution of parties. *See Medical Device Alliance, Inc. v. Ahr*, 116 Nev. 851, 861 n.5, 8 P.3d 135, 142 n.5 (2000); *Nurenberger Hercules-Werke v. Virostek*, 107 Nev. 873, 882, 822 P.2d 1100, 1106 (1991). When we adopted the Nevada Rules of Civil Procedure, NRCP 15(c) was identical to FRCP 15(c). *Compare* NRCP 15(c) (1953) (amended 2004), *with* 3 James Wm. Moore, *Moore's Federal Practice* § 15 App. 01[1] (3d ed. 2010) (giving historical perspective of FRCP 15). Although FRCP 15(c) has since been amended ''to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted . . . shall 'relate back' to the date of the original pleading,'' *id.* § 15 App. 04[2], and NRCP 15(c) has not, *see* NRCP 15 drafter's note, we do not believe that this demands a different interpretation of NRCP 15(c). As one court aptly stated, the federal ''amendment simply clarifies, by explicitly stating, the permissive procedure and its appropriate safeguards which have existed under Rule 15(c) since its promulgation.'' *Travelers Indemnity Co. v. United States*, 382 F.2d 103, 106 (10th Cir. 1967). We therefore disavow the dicta in *Medical Device Alliance* and *Nurenberger* and conclude that the relation back effect of NRCP 15(c) does apply to the addition or substitution of parties.

amendment." *Echols v. Summa Corp.*, 95 Nev. 720, 722, 601 P.2d 716, 717 (1979). NRCP 15(c) is to be liberally construed to allow relation back of the amended pleading where the opposing party will be put to no disadvantage. *See E.W. French & Sons, Inc. v. General Portland Inc.*, 885 F.2d 1392, 1396 (9th Cir. 1989) ("[C]ourts should apply the relation back doctrine of [Federal] Rule 15(c) liberally."); *University & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 18-19 (2004) (noting the liberal policy underlying NRCP 15). Modern rules of procedure are intended to allow the court to reach the merits, as opposed to disposition on technical niceties. *See Schmidt v. Sadri*, 95 Nev. 702, 705, 601 P.2d 713, 715 (1979) ("The [L]egislature envisioned that [the Nevada Rules of Civil Procedure] would serve to simplify existing judicial procedures and promote the speedy determination of litigation upon its merits."). A plaintiff's right to have his or her claim heard on its merits despite technical difficulties, however, must be balanced against "a defendant's right to be protected from stale claims and the attendant uncertainty they cause." *Pargman v. Vickers*, 96 P.3d 571, 576 (Ariz. Ct. App. 2004).

Certain circumstances may give rise to the imputation of notice and knowledge, from an original defendant to a new defendant, for purposes of relation back. *E.g., id.* at 577. Courts are particularly amenable to imputing notice and knowledge when the new and original defendants share an "identity of interest." 3 James Wm. Moore, *Moore's Federal Practice* § 15.19[3][c] (3d ed. 2011). Although the relationship needed to establish an identity of interest for purposes of notice and knowledge varies depending on the underlying facts, an identity of interest has been found, for example, between a parent and subsidiary corporation, and based on shared legal counsel. *See id.* (citing numerous cases for these propositions). Some courts have also referred to this relationship as a "unity of interest" or "community of interest." *E.g., Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 858 (D. Ariz. 1999); *Perrin v. Stensland*, 240 P.3d 1189, 1194 (Wash. Ct. App. 2010). Whatever label is placed on such a relationship, the fundamental idea is that when the original and new defendant "are so closely related in their business operations or other activities[,] . . . the institution of an action against one serves to provide notice of the litigation to the other." Moore, *supra*, § 15.19[3][c].

Many courts recognize that the insurer-insured relationship rises to this level. *Smith v. TW Services, Inc.*, 142 F.R.D. 144, 146 (M.D. Tenn. 1991); *Lagana v. Toyofuki Kaiun, K.K.*, 124 F.R.D. 555, 558 (S.D.N.Y. 1989); *Phillips v. Gieringer*, 108 P.3d 889, 895 (Alaska 2005); *Pargman*, 96 P.3d at 577-79; *Indiana Farmers Mut. Ins. Co. v. Richie*, 707 N.E.2d 992, 997 (Ind. 1999); *Red Arrow Stables, Ltd. v. Velasquez*, 725 N.E.2d 110, 116 (Ind. Ct.

App. 2000); *LaRue v. Harris*, 115 P.3d 1077, 1079 (Wash. Ct. App. 2005); *see also Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1401 (9th Cir. 1984) (timely notice to insurer of new defendant inadvertently omitted from complaint was sufficient notice to new defendant such that it would not be prejudiced in defending action on the merits). In particular, courts have held that an amended complaint adding the decedent's estate in place of the decedent will relate back when the decedent's insurer had actual knowledge of the suit within the statute of limitations. *Hamilton v. Blackman*, 915 P.2d 1210, 1218 (Alaska 1996); *Pargman*, 96 P.3d at 579; *Indiana Farmers*, 707 N.E.2d at 996-98; *Macias v. Jaramillo*, 11 P.3d 153, 159-60 (N.M. Ct. App. 2000); *LaRue*, 115 P.3d at 1079; *Schwartz v. Douglas*, 991 P.2d 665, 667 (Wash. Ct. App. 2000); *Craig v. Ludy*, 976 P.2d 1248, 1251 (Wash. Ct. App. 1999).

The approach taken in these cases is consistent with the liberal construction we give to relation back in Nevada, and it furthers the mandate that the rules of procedure are intended to allow cases to be decided on the merits rather than on mere technicalities. It is also in harmony with the general principle that leave to amend "shall be freely given when justice so requires." NRCP 15(a). We consequently apply that approach here.

Costello sued Casler, unaware that he had died. Prior to the running of the statute of limitations, American Family Insurance was aware of Costello's claim. The record demonstrates that American Family Insurance was fully aware of the accident between Costello and Casler and the injuries that Costello claimed as a result of that accident. For months, American Family Insurance and Costello exchanged correspondence and negotiated in an attempt to resolve Costello's claim. Also, it is abundantly clear that American Family Insurance had actual notice and knowledge of Costello's lawsuit. In fact, four days before the statute of limitations was due to expire, American Family Insurance's counsel wrote Costello, informing her that she had been retained to represent the interests of the insured, Casler, and requesting that she be provided with proof of service. American Family Insurance therefore had actual notice and knowledge of the lawsuit prior to the running of the statute of limitations, and, under the principles we adopt today, its notice and knowledge was imputable to Casler's estate.

Allowing the amendment to relate back to the date of the original complaint will not prejudice Casler's estate or American Family Insurance. Although, in order to pursue her claim, Costello was required to name Casler's estate, the substance of the proposed amended complaint effected no real change as Costello's claim remained the same. American Family Insurance would presumably

be required to defend the suit regardless of whether Casler was dead or alive. Further, there is no allegation that the amendment would cause any real prejudice to the estate or American Family Insurance. As a result, the requirements of *Echols* are met—through American Family Insurance, the estate had actual notice of the action, knew it was the proper party, and will suffer no prejudice from the amended pleading. We emphasize that the approach we adopt to relation back under NRCP 15(c) does not transform an insurer into an agent for service of process. We are dealing with the notice and knowledge requirements of NRCP 15(c) and whether, on the facts before us, they were met for purposes of relation back. We hold that they were. We therefore conclude that the district court erred in denying Costello leave to amend her complaint to add Casler's estate as a defendant. Consequently, summary judgment was improper.

## CONCLUSION

We conclude that when, as here, a plaintiff timely files a complaint that names a deceased defendant instead of the decedent's estate, the decedent's insurer had notice and knowledge of the action within the statute of limitations, and there is no resulting prejudice to the decedent's estate, an amended complaint naming the estate will relate back to the date of the original pleading under NRCP 15(c). We further conclude that a decedent's insurer's notice and knowledge of the institution of an action may be imputed to the decedent's estate for purposes of satisfying the relation back requirements of NRCP 15(c). We therefore reverse the summary judgment of the district court and remand this case for further proceedings consistent with this opinion.

HARDESTY and PARRAGUIRRE, JJ., concur.