An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KAYLA BUGAY,
Appellant,
vs.
CLARK COUNTY SCHOOL DISTRICT,
Respondent.

No. 63652

FILED

NOV 20 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a premises liability tort action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

In September 2009, appellant Kayla Bugay enrolled in a theater class at Foothill High School (Foothill). Prior to enrolling in the class, both Bugay and her mother, Lisa Lamb, were required to enter into a signed "[a]greement to [p]articipate" (the agreement) with Clark County School District (CCSD). On September 29, 2009, while in class, a large stack of plywood that had been negligently[1] stacked against a wall fell onto Bugay, pinning her on the floor. Bugay was a minor at the time of the accident.

On September 27, 2011, Bugay, who at this point was an adult, filed a complaint against CCSD and Foothill. Bugay's complaint asserted claims of negligence against CCSD, gross negligence against Foothill, and requested punitive damages. The district court dismissed the gross negligence claim against Foothill because Foothill could not be

---

[1]CCSD has conceded that the wood was negligently stacked. Additionally, the Occupational Safety and Health Administration (OSHA) later determined that the plywood was improperly secured.

14-38312

sued under its own name and because Bugay failed to allege sufficient facts to establish a viable claim for gross negligence. Additionally, the district court dismissed Bugay's punitive damages claim because punitive damages are not available against a political subdivision of the State of Nevada. *See* NRS 41.035. Thus, the district court dismissed all of Bugay's causes of action, except her negligence claim against CCSD. The district court order dismissing these two causes of action directed Bugay to file an amended complaint.

Bugay did not file an amended complaint as directed by the district court's order of dismissal. Instead, she filed a motion for leave to file an amended complaint that would include: (1) her remaining negligence cause of action against CCSD, (2) a claim of gross negligence against CCSD, and (3) a request for medical expenses incurred by Lamb. The district court denied Bugay's motion for leave to amend, finding that her proposed complaint failed to state a claim for gross negligence, and that Lamb's claim did not relate back to the original complaint.[2]

Approximately two months after the district court denied Bugay's first motion for leave to amend, Bugay filed a second motion for leave to amend. Specifically, Bugay sought to file an amended complaint that would include: (1) her remaining negligence cause of action against CCSD, (2) a newly alleged breach of contract claim against CCSD on her own behalf, and (3) Lamb's own breach of contract claim against CCSD.

---

[2]It was undisputed that the two-year statute of limitations for tort actions had run on Lamb's claim pursuant to NRS 11.190(4)(e). NRS 11.190(4)(e) creates a 2 year statute of limitations for negligence actions.

The district court found that Bugay's and Lamb's proposed breach of contract claims sounded in tort, not contract. As a result, the district court determined that Lamb's proposed causes of action were barred by the statute of limitations under NRS 11.190(4)(e), and thus, any amendment would be futile.[3]

After being denied leave to amend her complaint, Bugay filed a motion for summary judgment on her negligence cause of action against CCSD. Bugay sought $865,694.60 in past medical expenses, past pain and suffering, and past hedonic damages. In light of NRS 41.035's cap on damages against political subdivisions, CCSD filed a countermotion for summary judgment in favor of Bugay in the amount of $75,000. The district court granted summary judgment in favor of Bugay, but limited damages to $75,000 pursuant to NRS 41.035. Bugay now appeals. Consequently, we conclude that the district court did not abuse its discretion in denying either Bugay's first or second motion to amend.

---

[3]The district court order stated that Lamb's claim was barred by the statute of limitations, but did not explicitly state that the statute of limitations had run with respect to Bugay's proposed claim. Instead, the district court stated that Bugay's proposed claim sounded in tort, and was therefore futile. Thus, it is unclear whether the district court determined that an amendment to include Bugay's contractual claim would be futile because (1) it is barred by the statute of limitations, or (2) the second claim was merely a recasting of her existing tort claim. In the district court, CCSD only argued that the statute of limitations had run on Lamb's claim. Therefore, it appears that the district court determined that Bugay's proposed claim was futile because it was a recasting of her existing tort claim.

*Standard of review*

"A motion for leave to amend is left to the sound discretion of the trial judge, and the trial judge's decision will not be disturbed absent an abuse of discretion." *Univ. & Cmty. Coll. Sys. V. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 19 (2004).

Under NRCP 15(a), leave to amend a party's pleadings "shall be freely given when justice so requires." NRCP 15(a); *see Costello v. Casler*, 127 Nev. ___, ___, 254 P.3d 631, 634-35 (2011). "However, leave to amend should not be granted if the proposed amendment would be futile." *Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 302 P.3d 1148, 1152 (2013). A proposed amendment is futile if the plaintiff attempts to plead an impermissible claim. *Id.*

*The district court did not abuse its discretion in denying Bugay's first motion to amend*

Bugay argues that the district court abused its discretion in denying her first motion to amend her complaint to include Lamb's claim for recovery of medical expenses incurred on behalf of Bugay, who was a minor at the time of the accident, under the relation back doctrine. We disagree.

Nevada has not established a standard for amending pleadings in the context of an untimely plaintiff. *See Costello*, 127 Nev. at ___, 254 P.3d at 634-36; *Echols v. Summa Corp.*, 95 Nev. 720, 722, 601 P.2d 716, 717 (1979) ("[A] proper defendant may be brought into the action after the statute of limitations has run if the proper defendant (1) receives actual notice of the action; (2) knows that it is the proper party; and (3) has not been misled to its prejudice by the amendment."). However, we find the California approach persuasive.

California state courts have refused to allow an amended pleading that adds a new, untimely plaintiff if the new plaintiff "seeks to enforce an independent right or to impose greater liability against the defendants." *San Diego Gas & Elec. Co. v. Superior Court*, 53 Cal. Rptr. 3d. 722, 725 (Ct. App. 2007); *Bartalo v. Superior Court*, 124 Cal. Rptr. 370, 374-75 (Ct. App. 1975). In *San Diego Gas*, the trial court allowed a group of plaintiffs to amend their complaint to include the widow of a deceased marine. 53 Cal. Rptr. 3d. at 724. The trial court allowed this amendment on the basis that the defendant would not be prejudiced because it knew of the widow's existence and received an economic analysis of her loss of support claim before the statute of limitations had expired. *Id.* However, the court of appeal concluded that the trial court erred in allowing plaintiffs to add the widow as a plaintiff to assert an expired wrongful death claim, because the new plaintiff's claim inserted a new cause of action that sought to enforce an independent right. *Id.* at 727-28.

We are persuaded by the reasoning of the California state courts, and conclude that a party may not amend its complaint to add a new plaintiff after the applicable statute of limitations has run on the new plaintiff's claim, if the new plaintiff "seeks to enforce an independent right or to impose greater liability against the defendants." *San Diego Gas*, 53 Cal. Rptr. 3d. at 725. *See also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 320 (6th Cir. 2010) (finding that an amendment that adds a new, untimely plaintiff did not relate back); *Pappion v. Dow Chem. Co.*, 627 F. Supp. 1576, 1581-82 (W.D. La. 1986) ("The policy for statutes of limitations would be circumvented if a plaintiff is allowed to amend his complaint and add a new plaintiff merely because the new plaintiff's claim arose from the same transaction or occurrence of the original claim and

the defendant was aware that the new plaintiff existed."). Allowing such an amendment would undermine applicable statutes of limitation and deny defendants their interest in repose. We therefore conclude that the district court did not abuse its discretion in denying Bugay's first motion for leave to amend her complaint to add Lamb's claim for recovery of medical expenses because Lamb's proposed claim sought to enforce an independent right and impose greater liability against CCSD after the applicable statute of limitations had run.

*The district court did not abuse its discretion in denying Bugay's second motion to amend*

Bugay argues that the district court erred when it found that the gravamen of the proposed breach of contract claims sounded in tort rather than in contract. We disagree.

"[T]he object of the action, rather than the legal theory under which recovery is sought, governs when determining the type of action for statute of limitations purposes." *Stalk v. Mushkin*, 125 Nev. 21, 25-26, 199 P.3d 838, 841 (2009) (citing *Hartford Ins. Grp. v. Statewide Appliances, Inc.*, 87 Nev. 195, 197, 484 P.2d 569, 571 (1971)). Here, the second proposed amended complaint sought to include breach of contract claims based on the agreement's clause stating that CCSD "agreed to fully instruct [Bugay] and other class participants 'of all safety regulations in accordance with [CCSD] and OSHA requirements.'" While Bugay argues that this creates a discrete contractual duty, we conclude that the district court correctly found that the gravamen of the proposed breach of contract claims was to recover damages resulting from Bugay's personal injuries when the plywood fell on her as a result of CCSD's negligence. Thus, we conclude that the district court did not err in ruling that Bugay's and

Lamb's proposed claims for breach of contract sounded in tort, and were therefore futile.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Michael Villani, District Judge
        Lansford W. Levitt, Settlement Judge
        Aldrich Law Firm, Ltd.
        Clark County School District Legal Department
        Eighth District Court Clerk

---

[4]We have considered the parties' remaining arguments and conclude that they are without merit.