132 Nev., Advance Opinion 39

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRIN D. BADGER, AN
INDIVIDUAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
and
OMNI FAMILY LIMITED
PARTNERSHIP, A NEVADA
DOMESTIC LIMITED PARTNERSHIP,
Real Party in Interest.

No. 67835

FILED

MAY 26 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court order denying a motion for summary judgment and a motion to dismiss an action for breach of guaranty.

*Petition granted.*

Reid Rubinstein & Bogatz and I. Scott Bogatz, Charles M. Vlasic, III, and Jaimie Stilz, Las Vegas,
for Petitioner.

Roger P. Croteau & Associates, Ltd., and Roger P. Croteau and Timothy E. Rhoda, Las Vegas; Lewis Roca Rothgerber, LLP, and Daniel F. Polsenberg and Joel D. Henriod, Las Vegas,
for Real Party in Interest.

16-16627

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, GIBBONS, J.:

In this opinion, we consider whether a creditor's amended complaint seeking a deficiency judgment against petitioner may relate back to a timely complaint against a different party pursuant to NRCP 15(c), so as to satisfy NRS 40.455(1)'s six-month deadline for an application for a deficiency judgment against petitioner. We conclude that the district court erred in permitting real party in interest's amended complaint to relate back to the timely original complaint pursuant to NRCP 15(c), so as to satisfy the six-month deadline for an application for a deficiency judgment against petitioner, as required by NRS 40.455(1). Additionally, we conclude that the timely complaint against the borrowers does not constitute a valid application for deficiency judgment against the unnamed petitioner. Finally, we conclude that petitioner did not waive his right to object under NRS 40.455(1). Accordingly, we conclude that the district court erred in denying petitioner's motion for summary judgment in the guaranty action and motion to dismiss in the borrower action, and we grant the petition for writ of mandamus.

*FACTS AND PROCEDURAL HISTORY*

Southwest Desert Equities, LLC (the Borrower) borrowed from OneCap Mortgage Corporation (OneCap), where OneCap was the predecessor-in-interest to real party in interest Omni Family Limited Partnership (Omni). On the same day that the Borrower took out the loan, petitioner Darrin Badger (the Guarantor) personally guaranteed the Borrower's loan by executing a continuing guaranty.

SUPREME COURT
OF
NEVADA

(O) 1947A

After the Borrower defaulted on the loan, the Guarantor allegedly breached the guaranty. Omni filed a complaint against the Guarantor for the alleged default on the guaranty (referred to as the Guaranty Action or Guaranty Complaint).

While the Guaranty Action was pending, Omni foreclosed on the property securing the underlying loan. The August 13, 2013, foreclosure triggered the six-month deadline for Omni to file an application for a deficiency judgment against either or both the Borrower and the Guarantor pursuant to NRS 40.455(1). Omni applied for a deficiency judgment against the Borrower within the six-month deadline by virtue of filing a complaint against the Borrower (referred to as the Borrower Action or Borrower Complaint) but failed to file a timely application for a deficiency judgment against the Guarantor before the lapse of the six-month deadline on February 13, 2014. On April 15, 2014, the parties filed a stipulation and order to consolidate the Guaranty Action with the Borrower Action. On September 18, 2014, the Guarantor filed a motion for summary judgment in the Guaranty Action, seeking dismissal of Omni's claims against him due to Omni's failure to apply for a deficiency judgment against the Guarantor within the six months following the foreclosure sale pursuant to NRS 40.455(1).

On December 1, 2014—approximately 16 months after the foreclosure sale—Omni filed an amended complaint in the Borrower Action (referred to as the Amended Borrower Complaint) naming the Guarantor as an additional defendant and seeking to relate the Amended Borrower Complaint back to the Borrower Complaint pursuant to NRCP 15(c), where the Borrower Complaint constituted a timely application for a deficiency judgment against the Borrower.

In addition to the earlier motion for summary judgment in the Guaranty Action, the Guarantor filed a motion to dismiss the Amended Borrower Complaint. The district court denied both motions and concluded that the Amended Borrower Complaint related back to the timely Borrower Complaint pursuant to NRCP 15(c), thereby curing Omni's failure to apply for a deficiency judgment against the Guarantor within the six-month time frame required by NRS 40.455(1). The Guarantor then filed this petition for writ of mandamus or prohibition.

## DISCUSSION

*Consideration of the writ petition*

"This court has original jurisdiction to issue writs of mandamus and prohibition." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012); *see also* Nev. Const. art. 6, § 4. Where there is no plain, speedy, and adequate remedy available at law, extraordinary relief may be available. NRS 34.170; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). While this court will not normally entertain a writ petition that challenges the denial of a motion to dismiss, "we may do so where, as here, the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law." *Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010). Additionally, this court may address writ petitions when "summary judgment is clearly required by a statute or rule." *ANSE, Inc. v. Eighth Judicial Dist. Court*, 124 Nev. 862, 867, 192 P.3d 738, 742 (2008).

We exercise our discretion to consider this writ petition because the petition involves a significant and potentially recurring question of law, the petition is not fact-based, and the district court failed

to grant summary judgment where a Nevada statute required it. Specifically, the district court's application of NRCP 15(c) to supplement the deadline contained in NRS 40.455(1) reveals confusion with our previously strict application of the deadline. We believe that consideration of this petition will clarify our position and prevent further misapplication of NRCP 15(c) in cases that are subject to NRS 40.455(1). Accordingly, we conclude that this writ petition warrants our consideration.

*Merits of the writ petition*

In the context of a writ petition, statutory interpretation is a question of law that this court reviews de novo. *Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 86, 312 P.3d 491, 498 (2013). Statutory language must be given its plain meaning if it is clear and unambiguous. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). Further, this court is "loath to depart from the doctrine of stare decisis." *City of Reno v. Howard*, 130 Nev., Adv. Op. 12, 318 P.3d 1063, 1065 (2014) (quoting *Armenta-Carpio v. State*, 129 Nev., Adv. Op. 54, 306 P.3d 395, 398 (2013)).

A writ of mandamus is available "to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)). "An exercise of discretion is considered arbitrary if it is founded on prejudice or preference rather than on reason and capricious if it is contrary to the evidence or established rules of law." *State, Dep't of Public Safety v. Coley*, 132 Nev., Adv. Op. 13, 368 P.3d 758, 760 (2016) (internal quotations omitted).

*The district court erred in permitting the Amended Borrower Complaint to relate back to the timely Borrower Complaint under NRCP 15(c) to satisfy the six-month deadline required by NRS 40.455(1)*

Omni argues that the district court properly denied summary judgment and the Guarantor's motion to dismiss because Omni's Amended Borrower Complaint related back to the timely Borrower Complaint pursuant to NRCP 15(c), thereby satisfying NRS 40.455(1)'s six-month deadline for an application for a deficiency judgment against the Guarantor. We disagree.

It is well-settled that every obligation secured by property through a mortgage or a deed of trust is subject to Nevada's antideficiency statutes. *First Interstate Bank of Nev. v. Shields*, 102 Nev. 616, 620-21, 730 P.2d 429, 432 (1986). Indeed, "the Legislature has shown a strong inclination towards protecting an obligor's rights under the antideficiency statutes." *Lavi v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 38, 325 P.3d 1265, 1268 (2014). Accordingly, Nevada's deficiency judgment statutes are intended not only to protect borrowers, but to protect guarantors as well. *Shields*, 102 Nev. at 621, 730 P.2d at 432. Such protection furthers Nevada public policy goals because "[a] guarantor is the favorite of the law." *Tri-Pac. Commercial Brokerage, Inc. v. Boreta*, 113 Nev. 203, 206, 931 P.2d 726, 729 (1997) (citation omitted).

Consistent with these policy rationales, NRS 40.455(1) requires that an application for a deficiency judgment be made within six

 

months after the date of a foreclosure sale. NRS 40.455(1);[1] *see also Lavi*, 130 Nev., Adv. Op. 38, 325 P.3d at 1268 (holding that a "timely application for a deficiency judgment must be made under NRS 40.455" in order to seek a deficiency judgment);[2] *see also Walters*, 127 Nev. at 728, 263 P.3d at 234 ("Under the clear and unambiguous language of NRS 40.455(1), an

---

[1]NRS 40.455 was amended in 2015. *See* 2015 Nev. Stat., ch. 518, § 8, at 3340. The dissent contends that the 2015 amendment should apply retroactively to the facts of this case. However, neither party raised this argument to this court. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider claims that are not cogently argued or supported by relevant authority). Moreover, this court applies a strong presumption against retroactivity to statutes that affect vested rights where the Legislature has not explicitly provided for retroactivity, and this court has determined that the right to a deficiency judgment is a vested right. *See Sandpointe Apts. v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 87, 313 P.3d 849, 853-56 (2013). This conclusion is consistent with the legislative history of NRS 40.455, which contemplated neither retroactive application of the 2015 amendment nor reversing this court's holdings in *Lavi* and *Walters*. *See, e.g.*, Hearing on S.B. 453 Before the Senate Judiciary Comm., 78th Leg. (Nev., May 15, 2015); Hearing on S.B. 453 Before the Senate Judiciary Comm., 78th Leg. (Nev., May 1, 2015); Hearing on S.B. 453 Before the Senate Judiciary Comm., 78th Leg. (Nev., April 3, 2015); Hearing on S.B. 453 Before the Senate Judiciary Comm., 78th Leg. (Nev., March 31, 2015); 2015 Nev. Stat., ch. 518, § 8, at 3340.

[2]Omni contends that our decision in *Lavi* changed existing law, and that prior to *Lavi*, its Guaranty Complaint, wherein Omni sued the Guarantor for breach of guaranty prior to the foreclosure sale, would have been sufficient to satisfy NRS 40.455(1). We reject this argument because, as this opinion demonstrates, *Lavi* merely reiterated the bright-line rule established in existing Nevada caselaw and the plain language of NRS 40.455(1). *See, e.g.*, *Walters v. Eighth Judicial Dist. Court*, 127 Nev. 723, 728, 263 P.3d 231, 234 (2011) (stating that NRS 40.455(1) requires an application within six months after a foreclosure sale).

application must be made within six months."). It follows that a complaint filed prior to a foreclosure sale cannot sufficiently put an obligor on notice of a deficiency claim. *Lavi*, 130 Nev., Adv. Op. 38, 325 P.3d at 1269. As a general principle, this court will not interpret statutes so as to render the statutory language meaningless. *In re Parental Rights as to S.M.M.D.*, 128 Nev. 14, 24, 272 P.3d 126, 132 (2012).

Under NRCP 15(c), "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The relation-back doctrine applies to both the addition and substitution of parties, and will be liberally construed unless the opposing party is disadvantaged by relation back. *Costello v. Casler*, 127 Nev. 436, 441, 254 P.3d 631, 634 (2011). However, in *Garvey v. Clark County*, this court expressly refused to allow an amended complaint to relate back after a limitations period had run where the plaintiff elected not to name the proposed defendant as a party in the original action. 91 Nev. 127, 128, 532 P.2d 269, 270-71 (1975).

> [Generally], an amended pleading adding a defendant that is filed after the statute of limitations has run will relate back to the date of the original pleading under NRCP 15(c) if "the proper defendant (1) receives actual notice of the action; (2) knows that it is the proper party; and (3) has not been misled to its prejudice by the amendment."

*Costello*, 127 Nev. at 440-41, 254 P.3d at 634 (quoting *Echols v. Summa Corp.*, 95 Nev. 720, 722, 601 P.2d 716, 717 (1979)). Similarly, we have previously refused to allow a new claim based upon a new theory of

liability asserted in an amended pleading to relate back under NRCP 15(c) after the statute of limitations had run. *Nelson v. City of Las Vegas*, 99 Nev. 548, 556-57, 665 P.2d 1141, 1146 (1983).

We conclude that relation back pursuant to NRCP 15(c) may not be utilized to save an untimely application for a deficiency judgment under NRS 40.455(1). We emphasized in both *Lavi* and *Walters* that the six-month statutory deadline is a rigid one, and we reiterate here that a creditor's failure to timely file an application for a deficiency judgment per NRS 40.455 is fatal. To permit relation back pursuant to NRCP 15(c) in this case would allow creditors to bypass the deadline entirely with intentions to amend a pending complaint later. Such an outcome would be inconsistent with Nevada's aim to protect borrowers and guarantors as articulated in *Shields* and would fail to provide guarantors with adequate notice of a deficiency claim as we required in *Lavi*. Therefore, the district court erred in permitting the Amended Borrower Complaint to relate back to the timely Borrower Complaint under NRCP 15(c), so as to satisfy NRS 40.455(1)'s six-month deadline for application for a deficiency judgment against the Guarantor.

Because we strictly construe NRS 40.455(1) to conclude that the six-month deadline is not subject to relation back, we need not entertain Omni's contention, pursuant to the first two requirements of *Costello*, that the Guarantor had actual notice of the action and knowledge that they were the proper party.

*The timely Borrower Complaint does not constitute a valid application for a deficiency judgment against the unnamed Guarantor*

Omni argues that its timely Borrower Complaint constitutes a valid application for a deficiency judgment against the unnamed

Guarantor because it mentions the Guarantor in the "General Allegations" section of the complaint and it meets the definition of "application" that this court applied in *Walters*. We disagree.

NRS 40.455(1) bars a judgment creditor from proving a deficiency unless the creditor files an application for a deficiency judgment within the six months following a foreclosure sale, but "application" remains undefined in the statute. *See generally* NRS 40.455. As a result, we have applied the following definition as stated in NRCP 7(b)(1): "[a]n application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." *See Walters*, 127 Nev. at 728, 263 P.3d at 234. In applying this definition, we have found that a creditor's motion for summary judgment constituted a valid application for a deficiency judgment where it named the guarantor as a defendant, was filed within the six months following the trustee's sale of the underlying property, and otherwise met the three requirements of NRCP 7(b)(1). *Id.*

We reject Omni's argument that its timely Borrower Complaint constitutes an application for a deficiency judgment against the Guarantor because, while the Borrower Complaint states with particularity the causes of action alleged against the Borrower to satisfy the second prong of the *Walters* test, the Borrower Complaint does not do the same as against the Guarantor where the language referring to "defendants" can only be logically construed to refer to the defendant(s) named in the complaint. To bind unnamed parties by the allegations in a complaint based on a loose compliance with NRCP 7(b)(1) would lead to an absurd result and contravene the Nevada Rules of Civil Procedure. *See* NRCP 10(a) (naming a party to a suit requires that a complaint contain in

the title of the action the names of all the parties, save for a limited exception when a party's name is initially unknown). Therefore, we conclude that the timely Borrower Complaint did not constitute a valid application for a deficiency judgment against the Guarantor.

*The subsequent consolidation of the Guaranty Action and the Borrower Action pursuant to NRCP 42(a) did not merge the two actions to satisfy NRS 40.455(1)*

Omni argues that the consolidation of the Guaranty Action and the timely Borrower Action pursuant to NRCP 42(a) serves to merge the parties and claims of the two separate actions to satisfy the time requirements of NRS 40.455(1). Further, by virtue of the consolidation, Omni claims that each of the defendants consented to the complaints being combined into one single action, meaning that the Guarantor are also subject to Omni's claim for deficiency. We disagree.

We decline to delve into the merits of Omni's consolidation argument because the April 15, 2014, stipulation and order to consolidate cases occurred nearly two months after the six-month deadline for filing a deficiency judgment had lapsed. Thus, even if the consolidation served to merge the two complaints as Omni contends, the consolidation would still fail to qualify as a timely application for a deficiency judgment against the Guarantor under NRS 40.455(1).

*The Guarantor did not waive his right to object under NRS 40.455(1)*

Finally, Omni argues that the Guarantor contractually waived his right to object under NRS 40.455(1). While the terms of the Guaranty suggest that the Guarantor waived the time requirements of NRS 40.455(1), we decline to uphold the waiver as a matter of public policy. *See Lavi*, 130 Nev., Adv. Op. 38, 325 P.3d at 1268 (stating that "the Legislature has shown a strong inclination towards protecting an obligor's

rights under the antideficiency statutes"); *see also Shields*, 102 Nev. at 620-21, 730 P.2d at 432 (stating that *every* obligation secured by property through a mortgage or a deed of trust is subject to Nevada's antideficiency statutes); NRS 40.453 (providing that courts will not enforce a provision related to the sale of real property whereby a guarantor waives any right secured to him by the laws of this state); *Lowe Enters. Residential Partners, LP v. Eighth Judicial Dist. Court*, 118 Nev. 92, 1034, 40 P.3d 405, 412 (2002) (reasoning that the Legislature passed NRS 40.453 with the intent to preclude lenders from forcing borrowers to waive their rights pursuant to the antideficiency statutes).

## CONCLUSION

Having considered the parties' filings and the attached documents, we choose to entertain the Guarantor's petition for a writ of mandamus. In doing so, we conclude that the district court erred in permitting Omni's Amended Borrower Complaint to relate back to the timely Borrower Complaint pursuant to NRCP 15(c), so as to satisfy the six-month deadline for an application for a deficiency judgment required by NRS 40.455(1). Additionally, we conclude that the timely Borrower Complaint does not constitute a valid application for deficiency judgment against the unnamed Guarantor. Finally, we conclude that the Guarantor did not waive his right to object under NRS 40.455(1). Therefore, we conclude that the district court erred in denying the Guarantor's motion for summary judgment in the Guaranty Action and motion to dismiss in the Borrower Action. Accordingly, we grant the Guarantor's petition for writ of mandamus and direct the clerk of this court to issue a writ of

mandamus instructing the district court to enter an order granting the Guarantor's motion to dismiss and motion for summary judgment.

_____, J.
Gibbons

We concur:

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

PICKERING, J., with whom HARDESTY, J., agrees, dissenting:

In *Lavi v. Eighth Judicial District Court*, 130 Nev., Adv. Op. 38, 325 P.3d 1265 (2014), a divided court held that a pre-foreclosure complaint against a guarantor who had waived the one-action rule did not qualify as the "application . . . within 6 months after the date of the foreclosure sale" that NRS 40.455 requires to recover the post-sale deficiency. This holding was not required by the plain text of the statute and, in fact, conflicted with prior decisions of this court and the United States District Court for the District of Nevada, applying Nevada law. *See Lavi*, 130 Nev., Adv. Op. 38, 325 P.3d at 1272-73 (Pickering and Hardesty, JJ., dissenting) (noting that *First Interstate Bank of Nevada v. Shields*, 102 Nev. 616, 618 n.2, 730 P.2d 429, 430 n.2 (1986), had held that, "to make *application* for a 'deficiency judgment' the lender must file a *complaint* against the guarantor within the time set by NRS 40.455," and that *Interim Capital, LLC v. Herr Law Group, Ltd.*, 2:09-CV-1606-KJD-LRL, 2011 WL 7053806 (D. Nev. Aug. 23, 2011), rejected the argument that the pre-foreclosure complaint against the guarantors did not suffice as the predicate "application" required to obtain a deficiency judgment against the guarantors).

The split decision in *Lavi* would be so much water under the bridge except that, before *Lavi* had been on the books for a year, the Nevada Legislature amended NRS 40.455 to add new paragraph 4, which defines "application" as the *Lavi* dissent and *Herr* did. New NRS 40.455(4) reads in full as follows:

> *For purposes of an action against a guarantor,* surety or other obligor of an indebtedness or obligation secured by a mortgage or lien upon real property pursuant to NRS 40.495, *the term "application" includes, without limitation, a*

> *complaint or other pleading to collect the indebtedness or obligation which is filed before the date and time of the foreclosure sale* unless a judgment has been entered in such action as provided in paragraph (b) of subsection 4 of NRS 40.495.

2015 Nev. Stat., ch. 518, § 8(4), at 3340 (emphases added). The 2015 amendments to NRS 40.455 make clear that, contrary to *Lavi* and contrary to today's opinion, a pre-foreclosure complaint against a guarantor *does* constitute an "application . . . within 6 months after the date of the foreclosure sale" for purposes of NRS 40.455(1). And, if the language of the 2015 amendment to NRS 40.455 left room for doubt, the Legislative Counsel's Digest introducing Senate Bill 453 settles the point:

> Under existing law, to obtain a deficiency judgment after a foreclosure sale, a creditor must file an application with the court within 6 months after the date of the foreclosure sale. (NRS 40.455). Existing law further provides that in certain circumstances a creditor may bring an action against a guarantor, surety or other obligor who is not the borrower to enforce the obligation to pay, satisfy or purchase all or part of the obligation secured by a mortgage or lien on real property. (NRS 40.495). *Section 8 provides that the complaint or other pleading in this action constitutes the application for a deficiency judgment and,* **thus, the creditor is not required to file an application for a deficiency judgment after the foreclosure sale**.

2015 Nev. Stat., ch. 518, Legislative Counsel's Digest, at 3335 (emphasis added).

Without even acknowledging the text, much less the context, of the 2015 amendments to NRS 40.455, the majority dismisses them as irrelevant, citing the general rule against applying new statutes

SUPREME COURT
OF
NEVADA

(O) 1947A

2

retroactively. *See supra* note 1, at 7. But as with most general rules, the rule against retroactivity has exceptions, particularly where, as here, the new statute adds to or amends an existing statute. In the context of statutory amendments, the new enactment's applicability depends on whether it clarifies or changes the existing statutory scheme. If the amendment clarifies the law, the rule against retroactivity does not apply. *See Pub. Emps.' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 157 n.52, 179 P.3d 542, 555 n.52 (2008) ("[A]n amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act." (quoting *Police Pension Bd. v. Warren*, 398 P.2d 892, 896 (Ariz. 1965)); 1A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 22:31, at 374-75 (7th ed. 2012) ("An amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act, [especially] where the amendment was adopted soon after . . . controversy arose concerning the proper interpretation of the statute." (footnote omitted)). This is so because, when an amendment clarifies a pre-existing law, "courts . . . logically conclude that [the] amendment was adopted to make plain what the legislation had been all along from the time of the statute's original enactment." 1A Singer & Singer, *Statutes and Statutory Construction* § 22:31, at 375.

The question becomes, then, whether the 2015 amendments clarify or change NRS 40.455. "Whether a subsequent statute or amendment sheds light upon the meaning of a former statute depends upon a number of circumstances." 2B Singer & Singer, *Statutes and Statutory Construction* § 49:10, at 135.

> The force which should be given to subsequent legislation, as affecting prior legislation, depends largely upon the circumstances under which it takes place. *If it follows immediately and after controversies upon the use of doubtful phraseology therein have arisen as to the true construction of the prior law it is entitled to great weight.*

*Id.* (emphasis added) (quoting *People ex rel. Westchester Fire Ins. Co. v. Davenport*, 91 N.Y. 574, 591-92 (1883)).

The 2015 amendment to NRS 40.455 defines what the statute means by "application." It does not delete old language and replace it with new. Textually, therefore, it appears to clarify the existing statute, not to change it. Context supports this conclusion. As noted above, in 2014, controversy arose over whether and how to apply NRS 40.455's "application" requirement to pre-foreclosure suits against guarantors, a controversy that divided this court internally and produced a split between this court and Nevada's federal district court. In 2015, the Legislature amended NRS 40.455 to resolve that controversy, adding subparagraph 4 to define "application" as the *Lavi* dissent and *Herr* decision had. As this amendment immediately followed the *Lavi/Herr* split, it is "entitled to great weight" in determining whether new NRS 40.455(4) clarifies, or changes, the "application" requirement stated in NRS 40.455(1).

Applying a clarifying amendment to an existing suit does not, as the majority suggests, disturb vested rights. This suit was filed, and the foreclosure sale in this case held, before the *Lavi* opinion was published. If, as the 2015 clarifying amendments to NRS 40.455 confirm, the pre-foreclosure complaint qualified as the "application" that NRS

40.455(1) requires, the guarantor in this case did not have a vested right to more.

No doubt stare decisis counsels adherence to prior decisions by this court. *Armenta-Carpio v. State*, 129 Nev., Adv. Op. 54, 306 P.3d 395, 398 (2013). Nonetheless, "when governing decisions prove to be unworkable or are badly reasoned, they should be overruled," *Harris v. State*, 130 Nev., Adv. Op. 47, 329 P.3d 619, 623 (2014) (internal quotations omitted), especially where, as here, the unworkable decision is so recent that reliance interests have not accrued. *See Helvering v. Hallock*, 309 U.S. 106, 119 (1940). The Legislature sets policy, not the court, and here the Legislature has disavowed the rigid public policy cited by the majority as support for the creditor's loss of rights against the guarantor in this case, whom the creditor sued and thus gave notice of its intent to sue, before the foreclosure sale occurred. For these reasons, I would deny writ relief in an opinion that overrules *Lavi* as resting on a misinterpretation of the application requirement in NRS 40.455(1).

I dissent.

_____Pickering_____, J.
Pickering

I concur:

_____Hardesty_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A