IN THE SUPREME COURT OF THE STATE OF NEVADA

ESTATE OF ANTHONY BRENES;
LYDIA VASQUEZ, INDIVIDUALLY;
AND RICARDO BRENES,
INDIVIDUALLY,
Appellants,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; AND SEAN MILLER,
Respondents.

No. 78272

FILED

JUL 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.[1]

The district court granted summary judgment on appellants Lydia Vasquez's and Ricardo Brenes's (collectively, Lydia and Ricardo) claims based on its determination that respondent Officer Sean Miller's use of lethal force against Anthony Brenes was objectively reasonable as a matter of law. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (explaining that a claim of excessive force must be evaluated on an "objectively reasonable" standard); *Ramirez v. City of Reno*, 925 F. Supp. 681, 691 (D. Nev. 1996) (recognizing that a state-law battery claim is governed by the same standard); *Lal v. California*, 746 F.3d 1112, 1117 (9th Cir. 2014) (providing a 3-factor test for determining whether the use of force was

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

objectively reasonable).[2] In so doing, the district court presumably[3] evaluated the *Lal* factors and determined based upon Officer Miller's statements that (1) Anthony Brenes's crime was severe because he was assaulting Officer Miller, (2) Mr. Brenes posed an immediate threat to Officer Miller's safety because he was within striking range of Officer Miller and was preparing to strike Officer Miller with a club, and (3) Mr. Brenes was actively resisting arrest, such that Officer Miller's use of lethal force was objectively reasonable as a matter of law. *Lal*, 746 F.3d at 1117.

Having considered the parties' arguments and the record, we conclude that the district court erred in granting summary judgment for respondents. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, when viewing the evidence and drawing all reasonable inferences in the light most favorable to Lydia and Ricardo, *see id.*, we conclude that genuine issues of material fact exist as to whether *Lal* factors 1 and 2 favor respondents. In other words, a rational trier of fact could determine that Officer Miller's use of lethal force was objectively unreasonable. *Id.* at 731, 121 P.3d at 1031. Accordingly, we cannot conclude that Officer Miller's conduct was objectively reasonable as a matter of law. *Id.* at 729, 121 P.3d at 1029.

We also conclude that respondents were not entitled to discretionary-function immunity under NRS 41.032(2). We held in

---

[2]Lydia and Ricardo each asserted a battery claim and a negligence claim. In district court, the parties agreed that both claims were governed by the *Lal* factors.

[3]The district court's order does not actually contain any analysis of the *Lal* factors.

*Martinez v. Maruszczak*, 123 Nev. 433, 446-47, 168 P.3d 720, 729 (2007), that discretionary-function immunity applies when (1) the alleged wrongful acts involve "an element of individual judgment or choice," and (2) the act is "based on considerations of social, economic, or political policy." Despite respondents' arguments to the contrary, we are not persuaded that, under the specific facts of this case, Officer Miller's on-the-spot decision to use lethal force is "susceptible to policy analysis" for purposes of *Martinez's* second prong. *See Garcia v. United States*, 826 F.2d 806, 809 (9th Cir. 1987) ("While law enforcement involves exercise of a certain amount of discretion on the part of individual officers, such decisions do not involve the sort of generalized social, economic and political policy choices that Congress intended to exempt from tort liability."); *Caban v. United States*, 671 F.2d 1230, 1233 (2d Cir. 1982) (concluding that the INS's decision to detain someone did not implicate public policy considerations). Accordingly, we conclude that respondents were not shielded by discretionary-function immunity insofar as Lydia and Ricardo sought to hold respondents liable for Officer Miller's decision to use lethal force.[4] We therefore reverse the district court's decision to grant summary judgment against Lydia and Ricardo on their claims. As such, we need not consider the parties' arguments regarding issue preclusion.

Finally, Mr. Brenes' estate contends that the district court erred in finding the estate's claims could not relate back to Lydia and

---

[4]In this, we note that both of Lydia's and Ricardo's claims seek to hold LVMPD liable on a theory of respondeat superior. To the extent that Lydia and Ricardo seek to hold LVMPD liable for negligently hiring or training Officer Miller, we conclude that LVMPD is entitled to discretionary-function immunity under *Martinez*.

Ricardo's 2012 federal complaint.[5] We agree. Although respondents contend that NRCP 15(c) cannot be construed to allow the addition of a new plaintiff, they cite no authority that actually holds as much, and it appears that at least some courts permit doing so. 6A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1501 n.12 (3d ed.) (compiling cases). And although respondents suggest that they will be prejudiced because the estate's claims are "stale[ ]," respondents do not meaningfully explain how litigating the estate's claims that are based on the same occurrence as Lydia and Ricardo's claims will cause them any actual prejudice. Accordingly, consistent with this court's policy of liberally construing NRCP 15(c) to allow relation back when the opposing party will not be disadvantaged, *see Costello v. Casler*, 127 Nev. 436, 440-41, 254 P.3d 631, 634-35 (2011), we conclude that the estate's claims can relate back to Lydia and Ricardo's timely filed federal complaint. The district court therefore erred in determining those claims were time-barred.

Consistent with the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.          _____, J.
Stiglich                                Silver

---

[5]Again, the district court's order did not actually address this issue, so we presume that it found the estate's arguments in favor of relation back unpersuasive.

cc: Hon. Nancy L. Allf, District Judge
Israel Kunin, Settlement Judge
Law Offices of Dale K. Galipo
Law Offices of Peter Goldstein
Marquis Aurbach Coffing
Eighth District Court Clerk

x

SUPREME COURT
OF
NEVADA

(O) 1947A

5